UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:20-CR-1179 |
| | § | |
| DAVID CLAY BOWEN | § | |

## MEMORANDUM OPINION AND ORDER

A show cause hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f) and 18 U.S.C. § 3148. Defendant was previously granted a bond after a detention hearing was held on October 16, 2020. A petition for action on pretrial release was filed on November 2, 2020 with the Court alleging that Defendant violated the conditions of his bond ordering that he (1) not violate state, federal or local law while on bond and that he (2) report any contact with law enforcement to U.S. Probation. Specifically, the petition alleges the following facts:

> On October 26, 2020, the above named defendant was released on bond by Judge Hampton for the offense of Possession with Intent to Distribute a Controlled Substance, to-wit: 28 grams of Methamphetamine. Mr. Bowen commenced his bond supervision in the Corpus Christi Division on the same date.

> On October 29, 2020, the defendant was arrested in Alice, Texas, for Driving While License Suspended. He was transported to the Jim Wells County Jail where he remains pending a bond.

At the hearing today, defense counsel stated that the allegation in the petition for action is true and requested that Defendant be permitted to remain on bond. Further, the government and U.S. Probation were unopposed to Defendant remaining on bond. U.S. Probation Officer Perez requested that the Court impose the condition that Defendant be

required to contact U.S. Probation Officer Perez every Wednesday at 10:00 a.m. by a phone call.

After considering the matters presented to the Court at today's hearing, the Court finds the following:

(1) There is clear and convincing evidence that the Defendant has violated the condition of release;

(2) Based on the factors in section 3142(g) of Title 18, there are conditions or combinations of conditions of release that will assure that the Defendant will not flee or pose a danger to the safety of any other person or the community; and

(3) Defendant is likely to abide by any condition or combination of conditions of release.

The Court will allow Defendant to remain on bond. The Court **ORDERS** that Defendant's conditions of release be modified to include the condition that he be required to contact his U.S. Probation Officer **every Wednesday at 10:00 a.m. by a phone call**.

ORDERED this 3rd day of November, 2020.

_____
Julie K. Hampton
United States Magistrate Judge